CLERK et al. v. TANNAGE PATENT CO.

(Circuit Court of Appeals, Third Circuit. January 18, 1898.)

No. 25.

1. PATENTS—PROCESS OF TANNING LEATHER.

The Schultz patents, Nos. 291,784 and 291,785, for processes of tanning leather, held infringed by one who used substantially the baths of the patent, although, prior to immersion in the first bath, the skins were "struck" in alum and salt; this being a mere addition to the process, not avoiding infringement.

2. SAME—LICENSES.

The owner of a patent for processes does not, merely by publicly offering to sell licenses, confer upon third parties the right to make reasonable experimental tests, so as to enable him, when sued for infringement, to escape liability on the ground that he was only testing its desirability or utility.

Appeal from the Circuit Court of the United States for the District of Delaware.

This was a suit in equity by the Tannage Patent Company against William B. Clerk & Co. for alleged infringement of certain patents for processes of tanning hides. The circuit court granted a preliminary injunction, and the defendants have appealed therefrom.

Hector T. Fenton, for appellants.

Charles Howson, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and KIRKPATRICK, District Judges.

KIRKPATRICK, District Judge. The bill in this cause was filed to restrain the defendants from infringing the complainant's patented process for tanning hides and skins, as specified in letters patent Nos. 291,784, and 291,785. After a hearing upon bill and answer, with affidavits annexed, the circuit court granted a preliminary injunction. For the purposes of the hearing in the circuit court, the validity of the complainant's patents was not denied, nor was that question raised here. The issues presented by the assignment of errors are whether the proofs show infringement, and, if so, whether the defendants had a special permission from the complainant to make reasonable experimental or trial tests of the patented process. It appears from the testimony in the record that the defendants are willing infringers. From September, 1894, to May, 1895, they employed one Corrigan, as tanner, "because," as stated by William B. Clerk, the president of the defendant corporation, and himself a defendant in the cause, "he claimed to know how to practice the complainant's patented chrome-tanning process"; and, after Corrigan's discharge, they tried it them-

selves. The process adopted by the defendants is described by Mr. Clerk as follows:

"We 'struck' the skins first in alum and salt, then submitted them to a bath of bichromate of potash and acid, and then submitted the skins to a water bath containing a solution commonly sold in the market, and called 'McMane's Solution.'"

It appears that this McMane's solution, which constituted the defendants' second bath, is one evolving sulphurous acid, and therefore equivalent, in its action and result upon the skin, to the particular second bath of the complainant's patent No. 291,785, while the "striking" of the skins in alum and salt preparatory to their submission to the first bath of bichromate of potash and acid is a mere addition to the first step of the complainant's process. "The defendant does not use the process any the less because he uses something in addition to the process." Lelance & G. Mfg. Co. v. Habermann Mfg. Co., 53 Fed. 380; Tilghman v. Proctor, 102 U. S. 730.

The special permission to the defendants to make reasonable experimental or trial tests of the patented process is based upon the acts of the complainant in publicly offering to sell licenses. No authority is cited to the court for this proposition, and we hold that it is not the law. It cannot be that the owner of a patent may not offer to sell licenses under it without thereby giving to all the world the right to its limited use. Intending purchasers or others might, by contract, obtain special privileges; but a mere expression of willingness to grant or sell licenses will not, of itself, confer upon any, the privilege to use the specialty of the patent, and claim exemption from a charge of infringement on the ground of being simply engaged in experimentally testing its desirability or utility. The order granting the preliminary injunction is affirmed, with costs.